## Alexandria

## REGINALD B. WOLFE

v.

## COMMONWEALTH OF VIRGINIA

No. 0068-85

Argued October 9, 1985
Decided February 18, 1986

COUNSEL

James M. Lowe (Andrew D. Meltz; Lowe & Meltz, on brief), for appellant.

M. Katharine Spong, Assistant Attorney General (Gerald L. Baliles, Attorney General, on brief), for appellee.

OPINION

MOON, J.—Reginald B. Wolfe appeals his sentencing order which he claims was not in accordance with the sentencing recommendation in a plea bargain agreement that had been previously accepted by the trial judge. We agree and reverse.

The Attorney General concedes that if a plea agreement is accepted by the trial judge, then the disposition of the case must be in accordance with the plea agreement. Rule 3A:8(c) controls the acceptance or rejection of plea agreements by the court and sets forth alternatives for the defendant in the event of either decision.

█ The plea agreement in this case was of the type referred to in Rule 3A:8(c)(1)(B), which provides that the attorney for the Commonwealth may "[m]ake a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding on the court." This rule also requires that a plea agreement be reduced to writing, signed by the attorney for the Commonwealth, the defendant and his attorney, and presented in open court. It further provides:

> If the agreement is of the type specified in subdivision (c)(1)(B), the court shall advise the defendant that, if the court does not accept the recommendation or request, the defendant nevertheless has no right to withdraw his plea, unless the Commonwealth fails to perform its part of the agree-

ment. In that event, the defendant shall have the right to withdraw his plea.

Rule 3A:8(c)(2).

Alternatively, the rule states that "[i]f the court accepts the plea agreement, the court shall inform the defendant that it will embody in its judgment and sentence the disposition provided for in the agreement." Rule 3A:8(c)(3).

In the case before us now, Wolfe pled guilty on October 12, 1983, to attempting to persuade a person to commit sodomy, a felony. The judge determined that the guilty plea was voluntarily and knowingly made and then heard testimony of the complaining witness. After finding Wolfe guilty, the court inquired into the terms of the plea agreement which provided that the Commonwealth's attorney had agreed to recommend the following punishment to the court: "Suspended imposition of sentence for one year, then reduce charge to disorderly conduct with a fine of $50 if no further violations." The court stated that it wished to know something about Wolfe before proceeding. The Commonwealth's attorney stated that the defendant had no criminal record. This fact was confirmed by Wolfe's counsel who informed the court that Wolfe was a college graduate and the president and principal operating officer of a business in the District of Columbia and that he never had a "brush with the law." Thereupon the following dialogue occurred:

> The Court: Mr. Wolfe, is there anything you would like to say to me at this time?
> Mr. Wolfe: No thank you, Sir.
> The Court: *Well, Mr. Wolfe, I am going to accept the recommendation of the Commonwealth's attorney in this particular case.* (emphasis added).

The court proceeded to express its concern about the type of offense committed and then stated:

> I'm going to continue this matter until October 12, 1984, at 9:00 a.m., at which time you must be back in this courtroom for final disposition of this case.

In the meantime, I will not make a final disposition, nor am I going to put him on any probation. I'm going to wait for the computers to find out whether or not you've violated the law.

■ We hold that these words spoken by the judge constituted an acceptance of the sentencing recommendation contained in the plea agreement. The trial judge substantially complied with Rule 3A:8(c)(3). The plain words of the judge informed the defendant that the court was proceeding to handle the case in accordance with the sentencing recommendation contained in the plea agreement. The trial judge did the only thing required of him. That is, he said that he accepted the sentencing recommendation and that he would suspend imposition of the sentence for one year. We hold that, by implication, he told the defendant that if he did not violate the law, the case would be disposed of after one year in accordance with the sentencing recommendation.

The following year, on October 19, 1984, the defendant once again appeared in court for final disposition of the case. The trial judge first ascertained that there had been no known violations of the law by Mr. Wolfe. The trial judge then said that he was disturbed about the sentencing recommendation because the defendant was obviously guilty of a felony and that he was no more entitled to have a felony free record than anyone else who had pled guilty to a felony. The judge then proceeded to sentence Wolfe to 12 months in jail, all suspended; but the judge refused to reduce the felony conviction to the misdemeanor of disorderly conduct. It is clear that the trial judge was of the impression that he had not accepted the sentencing recommendation, but had merely taken it under advisement. He asked the defendant if he recalled advising him that he did not have to accept the sentencing recommendation. The defendant admitted that he did remember being asked this question. However, the record shows this question was asked of Wolfe for the purpose of determining if he was voluntarily and knowingly pleading guilty. It was not until after the judge heard the evidence in the case that he learned of the terms of the plea agreement. The judge then accepted the sentencing recommendation contained in the agreement and made no reservation nor in any way indicated that if the defendant complied with the terms of the agreement, the court would do anything but make a disposition in accordance with the sentencing recommendation.

On the record before us, we conclude that the court accepted the terms of the sentencing recommendation and that the defendant did everything required of him by the court. The defendant pled guilty to the felony in reliance on the agreement of the Commonwealth to make a specific recommendation concerning the sentence. The Commonwealth fulfilled its obligation and the court accepted the recommendation. On October 19, 1984, the defendant, having fully complied with the conditions imposed by the court, was entitled to have the charge reduced to disorderly conduct with a $50 fine.

Therefore, we reverse with instructions that the defendant's charge be reduced to disorderly conduct and that he be fined $50.

*Reversed and remanded.*

Duff, J., and Cole, J., concurred.